**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick Erwin PASZEK, Defendant-
Appellant.**

No. 25322.

United States Court of Appeals,
Ninth Circuit.

Oct. 14, 1970.

Rehearing Denied Nov. 10, 1970.

Seymour H. Patt (argued) Reno, Nev.,
for appellant.

Julien G. Sourwine (argued), Asst. U.
S. Atty., Bart M. Schouweiler, U. S.
Atty., Reno, Nev., for appellee.

Before HAMLIN, BROWNING and
TRASK, Circuit Judges.

PER CURIAM.

The appellant was jointly tried with one Gibbs under an indictment charging violation of 18 U.S.C. § 2113(a) and (d), (armed bank robbery). Gibbs was convicted as charged, but appellant, who drove the getaway car, was found guilty of the lesser crime of bank robbery.

Appellant seeks reversal on two grounds: First, that the district court erred in failing to grant a writ of *habeas corpus ad testificandum;* secondly, that the district court erred in instructing the jury that if Gibbs were found guilty as charged, it would not be inconsistent to find appellant guilty of the lesser included offense.

The record discloses that a petition for writ of *habeas corpus ad testificandum* was filed, but there is no indication that it was denied, or even that it was brought to the attention of the court.

The question raised by appellant's second contention is whether in a joint trial, when a principal is convicted as charged, an aider and abettor can be convicted of a lesser included offense. We think he can. Clearly, to convict the aider and abettor the jury must determine that the crime was committed by another. United States v. Provenzano, 334 F.2d 678, 691 (3rd Cir. 1964). However, the offense of armed bank robbery described by subsections (a) and (d) of 18 U.S.C. § 2113 is but an aggravated form of the offense of bank robbery described by subsection (a), Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); and the jury's determination that Gibbs was guilty of armed bank robbery necessarily included a determination that he was guilty of bank robbery as well.

Affirmed.